NADAL, APPELLANT, v. REGISTRAR OF SAN GERMÁN RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Deed of Purchase and Sale.

No. 513.—Decided January 20, 1922.

RECORD OF TITLE—ACQUIESCENCE.—The right of the grantor under article 6 of the Mortgage Law to obtain the record of his contract can not be prejudiced by the fact that his grantee acquiesced in a previous decision of the registrar refusing to record it.

The facts are stated in the opinion.

*Mr. A. A. Vázquez* for the appellant.

The respondent appeared by brief.

MR. JUSTICE ALDREY delivered the opinion of the court.

By public deed No. 19 of February 10, 1921, Gonzalo Arán Soler purchased a certain property and presented a copy of the said deed in the Registry of Property of San Germán to be recorded in his name, but on May 30, 1921, the registrar refused to record it for five reasons which he indorsed on the deed. On July 6, following, the same copy of the deed was again presented in the said registry, accompanied by another document, and the registrar refused to convert the cautionary notice into a final record because the document exhibited with the deed corrected only one of the five defects which prevented the record according to his previous decision. The copy of the deed was again presented, accompanied by another document, and on September 21 the conversion of the cautionary notice into a record was again refused because the new document exhibited with the deed corrected only one other of the defects assigned when the deed was refused admission to record.

Under these circumstances Carmen María Nadal, one of the grantors of Arán, obtained another notarial copy of the contract of sale and presented it in the registry on October 24, 1921, accompanied by a document similar to one of those

already exhibited. The registrar made the following indorsement on the said copy of the deed:

"Record of the within document, which is a copy of deed No. 19 executed in Mayagüez on February 10, last, before notary Angel A. Vázquez, is refused because the supplementary document accompanying it—a certified copy issued by Enrique Báez, Clerk of the District Court of Mayagüez, of the writ and its return by the marshal in civil case No. 7617, a summary foreclosure proceedings—corrects only one of the five defects assigned in the decision indorsed on another copy of said deed No. 19 previously presented, and the said decision, dated June 10th, last, was communicated on the same day to the applicant who did not appeal therefrom to the Supreme Court of Porto Rico within the time allowed by law and, therefore, consented to it. Furthermore, the other copy of the said deed No. 19 was again presented, together with the same certificate now exhibited, and the conversion of the cautionary notices into final records then applied for was refused for the same reason above stated indorsed on the said deed No. 19 on September 2, last, and communicated, on the 26th of the same month, to the applicant who did not appeal and, therefore, consented to the said decision, this decision being, for that reason, a reproduction of the one dated September 2, last. No cautionary notices are entered of this denial of the record applied for because they can not be repeated. San Germán, November 1, 1921."

As may be seen, the registrar did not criticise the deed last presented to him, but merely stated that his refusal to record another copy of the same deed which had been previously presented to him had been consented to and only one of the five defects on which that refusal was based was corrected by the document exhibited with the deed. Consequently, in this appeal taken by Carmen María Nadal from that decision the question raised is that inasmuch as she has a right to apply for the record, the registrar should have recorded the deed on her application, or given his reasons for refusing to do so. The registrar replies that although the document was first presented by Gonzalo Arán, it was subsequently presented for the purpose of correcting the de-

fects which prevented its record in the names of Gonzalo Arán, Cristina Carrión and Carmen María Nadal. Carmen María Nadal rejoins that if the journal of the registry shows this, it in no way affects her, for, not having theretofore presented any document for record, she was not bound by the defects found by the registrar in the notarial copy presented by Gonzalo Arán and could not ask for their correction.

Article 6 of the Mortgage Law provides that the record of instruments in the registry may be demanded without distinction by the person conveying the right; by the person acquiring it; by any person interested in rendering secure the right to be recorded; by the legal representative of any of the foregoing. In accordance with this statute, in the case of *The People* v. *The Registrar of San Juan*, 22 P. R. R. 746, which was an appeal by the lessor from the registrar's refusal to record a contract of lease, the record having been applied for after a refusal to record the same contract when presented by the lessee who consented to the decision, this court, quoting from its opinion in the case of *Behn* v. *Registrar of Property*, 21 P. R. R. 486, 498, said:

" 'In the interest of justice we should state also that the decision of the registrar in this case binds the lessee who presented the document and consented to the decision, but does not bind the lessor who did not intervene in any way in the registry. This question is settled both by law and jurisprudence. Article 6 of the Mortgage Law; *Colonial Company* v. *The Registrar*, 1 P. R. R., 396, 401.' "

Therefore, in harmony with the law and our decisions, the registrar should have made the record applied for by Carmen María Nadal or refused to do so, stating his reasons therefor, and should not have limited himself to saying that he had already refused to make the record applied for by Arán; that this refusal was consented to, and that the

documents presented by the appellant did not correct the defects which he.had first pointed out, for the appellant had not applied before for the record of the contract and hence was not bound by the registrar's denial of the application of Gonzalo Arán; consequently, she was not bound to correct any defect, although it may have been made to appear from the journal of the registry that she had presented documents for that purpose.

For the foregoing reasons the decision appealed from should be reversed and the registrar instructed to make the record applied for by Carmen María Nadal, or refuse to do so and state his reasons for the refusal.

*Reversed.*

Chief Justice Del Toro and Justices Wolf and Hutchison concurred.